UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TELECOM DECISION MAKERS, INC.,                                                    Plaintiff,

v.                                                       Civil Action No. 3:14-cv-613-DJH

BIRCH COMMUNICATIONS, INC., f/k/a
ACCESS INTEGRATED NETWORKS, INC.,
et al.,                                                   Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Telecom Decision Makers, Inc. (TDM) seeks a declaratory judgment that its contract with Defendant Navigator Telecommunications, LLC was assigned to Defendant Birch Communications, Inc. TDM also alleges that Navigator and Birch have failed to make timely payments due under that agreement, unlawfully retained and were unjustly enriched by such funds, and conspired to breach and did breach the duty of good faith and fair dealing. Finally, TDM contends that Birch interfered with TDM's contracts with Navigator and others, including proposed Defendant Kinser & Kinser, Inc., and with TDM's prospective economic advantage.

These claims are not new to the Court. Several years ago, TDM sued Birch asserting five of the claims alleged here.[1] And TDM tried to amend its complaint in the prior case to assert the rest of the claims now asserted in this action. (*See* P.L.D.N. 77) In that prior action, the Court denied TDM's motions to amend (P.L.D.N. 103), and after a jury found that the Navigator

---

[1] *Telecom Decision Makers, Inc. v. Birch Comm., Inc.*, No. 3:08-cv-609 (W.D. Ky.). Documents filed in the prior litigation will be cited as "P.L.D.N.___."

1

agreement was assigned to Birch, the Court ordered the parties to submit the remaining claims to arbitration. (*See* P.L.D.N. 228)

Instead, TDM filed this action in Kentucky state court, and Birch removed the case to this Court. The Court now considers Birch's motion to dismiss (D.N. 5), TDM's motion for leave to amend the complaint to add Kinser as a defendant (D.N. 11), and TDM's motion to remand this action to state court. (D.N. 12) Because TDM's motion to amend is purely an attempt to divest the Court of jurisdiction, it will be denied. Therefore, the parties will continue to be diverse, making remand inappropriate. And because the alleged claims are governed by a valid arbitration provision, TDM's complaint will be dismissed. Finally, TDM's motion for oral argument (D.N. 18) will be denied as moot.

## I. FACTUAL BACKGROUND

TDM is a sales agent in the telecommunications industry. It contracted with Navigator, a telecommunications provider, to develop local and long-distance telephone service accounts. (D.N. 5-1, PageID # 44) Under that agreement, Navigator paid TDM commissions on any accounts established by TDM throughout the life of the contract. (*Id.*) The contract also assigned the covenants to Navigator's successors-in-interest. (*Id.*, PageID # 45) In 2008, Birch bought substantially all of Navigator's local and long-distance customer accounts. (D.N. 1-1, PageID # 12) After the purchase, Birch notified TDM that Birch did not intend to continue paying commissions. (D.N. 1-1, PageID # 12-13) So TDM sued in this Court to obtain a declaratory judgment that Birch's purchase was a "change of control" triggering the assignment provision, which made Birch responsible for continuing payments. (*See* P.L.D.N. 1)

This issue went to a jury in January 2014, and the jury determined that Birch's purchase was a change of control that—pursuant to the assignment provision—assigned the agreement to Birch. (*See* D.N. 5-1, PageID # 45)  The parties disagreed, however, on what procedural step should follow the jury verdict.  Because the jury had already decided that Birch assumed the contract, and so was subject to its terms, the Court turned its focus to the contract's other provisions.  The Court found that the agreement contained a binding arbitration provision and ordered the parties submit to arbitration "all other matters arising from or relating to the contract." (P.L.D.N. 227, PageID # 2585)

Both before and after the jury verdict, TDM tried to amend its complaint to add some of the tort claims it now asserts in this matter.  The Court denied these motions.  (P.L.D.N. 90, 103)  The instant action began when TDM filed a strikingly similar complaint against Birch and Navigator in Kentucky state court (*see* D.N. 5-3), which Birch promptly removed to this Court on diversity grounds.  (D.N. 1)  Birch also moved to dismiss the complaint because of res judicata and the prohibition against claim splitting.  (D.N. 5)  It alternatively moved to dismiss the complaint in conjunction with an order to submit TDM's claims to arbitration.

## II.   STANDARD

### A. Motions to Amend and Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by . . . the defendants." 28 U.S.C. § 1441(a). At the time of removal, this matter met the requirements for diversity jurisdiction under 28 U.S.C. § 1332 because there was complete diversity of citizenship and the minimum threshold

3

for the amount in controversy was met. Here, if the Court allows TDM's request to join Kinser to the lawsuit, the joinder would destroy diversity. And so TDM filed a companion motion to remand this proceeding to state court if Kinser is joined.

Upon removal, this Court has discretion to grant or deny motions to join additional defendants whose joinder would destroy diversity jurisdiction. 28 U.S.C. 1447(e) If the Court permits joinder of a non-diverse party, then it must remand the action to state court. *See id.* This discretion "prevent[s] a party from single-handedly depriving [the Court] of jurisdiction by . . . join[ing] non-diverse parties after removal." *Cooper v. Thames Healthcare Grp., LLC*, No. 13-14-GFVT, 2014 WL 941925, at \*3 (E.D. Ky. Mar. 11, 2014) (citing *Bridgepointe Condos., Inc. v. Integra Bank Nat. Ass'n*, No. 08-475-C, 2009 WL 700056, at \*2 (W.D. Ky. Mar. 13, 2009)).

Courts apply a four-factor test to determine whether to allow amendment. *Lynch v. Lear Seating Corp.*, No. 3:00-cv-323, 2001 WL 1774429, at \*3 (W.D. Ky. Aug. 23, 2001); *Brandenberg v. Stanton Health Facilities, L.P.*, No. 5:14-183, 2014 WL 4956282 at \*2 (E.D. Ky. Oct. 2, 2014); *Allen v. Outback Steakhouse of Fla., LLC*, No. 3:14-cv-211, 2014 WL 2766109, at \*4 (W.D. Ky. June 17 2014). And so this Court must consider: (1) the extent to which the purpose of the proposed amendment is to defeat jurisdiction; (2) whether TDM has been dilatory in seeking the amendment; (3) whether TDM would be significantly prejudiced if amendment is denied; and (4) any other equitable factors. *Lynch*, 2001 WL 1774429, at \*1 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

**B. Motion to Dismiss and to Order Arbitration**

The contract at issue expressly states that any disputes arising out of or relating to the agreement shall be resolved in arbitration governed by the American Arbitration Association and the Federal Arbitration Act, 9 U.S.C. § 1 (FAA). (*See* P.L.D.N. 229) "The Supreme Court has recognized that the FAA recognizes a federal public policy favoring arbitration, and that courts must vigorously enforce arbitration clauses." *BBS Techs., Inc. v. Remington Arms Co., Inc.*, No. 05-98-DLB, 2005 WL 3132307, at *3 (E.D. Ky. Nov. 22, 2005) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). Doubts about the enforceability of arbitration agreements are resolved in favor of arbitration. *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 395 (6th Cir. 2014). Courts consider four factors when determining whether to compel arbitration under the FAA: (1) whether the parties agreed to arbitrate; (2) the arbitration agreement's scope; (3) if federal statutory claims are asserted, whether Congress intended those claims to be non-arbitrable; and (4) if some, but not all, of the claims are subject to arbitration, whether to stay the remainder of the proceedings pending arbitration. *Kruse v. AFLAC Int'l, Inc.*, 458 F. Supp. 2d 375, 382 (E.D. Ky. 2006) (citing *Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005)).

### III. ANALYSIS

**A. TDM's Motion to Amend the Complaint and Motion to Remand Are Denied**

The four-factor test cuts against TDM's proposed amendment. The first of these factors, the extent to which the amendment is sought to defeat jurisdiction, is of paramount importance. *Allen*, 2014 WL 2766109, at *3. TDM's amendment seeks to add a non-diverse party, was filed in response to a motion to dismiss, was filed in conjunction with a motion to remand, and fails to even mention a cause of action or demand for damages against the proposed defendant. (*See*

5

D.N. 11-1) Thus, TDM's appears to be attempting to avoid this Court's subject matter jurisdiction. *Cooper*, 2014 WL 941925, at *2 ("Under circumstances such as these, courts have previously made the logical inference that the motion to remand was made for the purpose of divesting the federal court of jurisdiction").

While TDM claims it recently uncovered new facts that spurred its motion to amend, it has not demonstrated a sufficient basis for amendment after a multi-year delay, and it seems that TDM knew of Kinser's involvement during the prior lawsuit. In fact, TDM included the termination of the Kinser account as a subject in its November 2012 Rule 30(b)(6) deposition of Birch's corporate representative. (P.L.D.N. 143, PageID # 1641) Thus, as to the second factor, the Court concludes that TDM was dilatory in seeking amendment. *See Cooper*, 2014 WL 941925, at *5. With respect to the third factor, denying the motion to amend will not significantly prejudice TDM. After all, TDM does not contend that Kinser caused it any damages, nor has TDM requested any equitable relief relating to Kinser. The four-factor test weighs against amendment. The Court will therefor deny the motion for leave to amend the complaint. Because the Court's denial will preserve its subject matter jurisdiction, the Court will also deny TDM's motion to remand.

### B. TDM's Contract Claims Are Subject to Arbitration

The parties are subject to a binding arbitration clause for all claims arising out of or relating to TDM's contract with Navigator. (P.L.D.N. 227) And that agreement, including the arbitration provision, was assigned to Birch. (*Id.*) The Sixth Circuit has determined that "contract-related tort claims involving the same operative facts as parallel claim[s] for breach of

6

contract should be heard in the forum selected by the contracting parties." *Gen. Envtl. Sci. Corp. v. Horsfall,* Nos. 92-4110 to 92-4114, 1994 WL 228256, at *8 (6th Cir. May 25, 1994) (quoting *Lambert v. Kysar,* 983 F.2d 1110, 1121–22 (1st Cir. 1993)). The contract at issue lists arbitration as the proper forum to resolve these disputes. Moreover, this was a broad arbitration provision:

> When faced with a broad arbitration clause, such as one covering *any* dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration. Indeed, in such a case, only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration, will remove the dispute from consideration by the arbitrators.

*NCR Corp. v. Korala Assoc., Ltd.*, 512 F.3d 807, 813 (6th Cir. 2008) (quoting *Solvay Pharms., Inc. v. Duramed Pharms., Inc.*, 442 F.3d 471, 482 n.10 (6th Cir. 2006)).

All of TDM's claims relate to the same operative facts: Birch's purchase of Navigator's contracts and the subsequent fallout. Hence, the binding arbitration provision—a provision found in the agreement Birch assumed—governs all of TDM's claims.[2] Consistent with the FAA and the public policy favoring arbitration, the Court will dismiss TDM's complaint and order the parties to submit these and any other claims arising out of or relating to the agreement to arbitration.

---

[2] In the prior litigation, the Court denied TDM's attempt to amend its complaint to include some of its tort claims because the Court determined that the amendment would be futile since the proposed claims would not have survived a motion to dismiss. (P.L.D.N. 90, 103) Yet the current litigation includes a different (albeit similar) complaint with Navigator listed as a party. The Court will not decide whether the current complaint's claims would survive a motion to dismiss for failure to state a claim. Rather, the Court simply recognizes that the proper forum for resolving these claims is arbitration pursuant to the parties' agreement.

## IV. CONCLUSION

TDM seeks leave to amend its complaint in order to deprive the Court of jurisdiction, and this Court has already ordered that TDM's claims should proceed to arbitration. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff TDM's motions for leave to amend (D.N. 11) and to remand (D.N. 12) are **DENIED**.

2. Defendant Birch's motion to dismiss (D.N. 5) is **GRANTED**. This action is **DISMISSED** without prejudice. The parties shall, commensurate with this Court's prior orders, submit any claims arising from or relating to the TDM agreement to binding arbitration.

3. TDM's motion for a hearing (D.N. 18) is **DENIED** as moot.